IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 2 2012

JAMES N. HATTEN, CLERK
S. Brannon, Deputy Clerk

| | |
|---|---|
| THE FISERV SEVERANCE PAY PLAN, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:12-CV-2038 ) |
| v. | ) Judge _____ ) |
| STEVEN COTTON, | ) ) |
| Defendant. | ) ) |

TCB

## COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION

Plaintiff, the Fiserv Severance Pay Plan (the "ERISA Plan"), for its Complaint in this action, alleges as follows:

### THE PARTIES

1. Defendant Steve Cotton ("Cotton") is a former employee of BankIntelligence.com, Inc., a subsidiary of Fiserv, Inc. and current resident of Atlanta, Georgia.

2. The ERISA Plan is governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq., and is administered out of Brookfield, Wisconsin. The plan administrator is the Administration Committee for the Fiserv Severance Plan (the "Administrator").

8915254.4                         1

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, and for injunctive relief pursuant to Rule 65(a).

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the instant dispute arises out of rights and obligations under a welfare benefits plan subject to ERISA.

5. This Court has personal jurisdiction over the Defendant because he is a resident of Georgia and this lawsuit arises out of actions undertaken by the Defendant within the State of Georgia, including attempting to prosecute a claim in arbitration against the Administrator and the ERISA Plan and to interfere with the administration of the ERISA Plan through actions taken in an arbitration in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, Cotton resides in this district. Further, Cotton's actions in seeking to arbitrate claims involving the ERISA Plan and to interfere with the administration of the ERISA Plan have occurred in this district.

## NATURE OF ACTION

7. The ERISA Plan seeks a preliminary and permanent injunction restraining Cotton from prosecuting claims against the Administrator and the

ERISA Plan before the American Arbitration Association ("AAA") and further restraining him from seeking to file claims or motions in the arbitration that relate to or seek to interfere with the administration of the ERISA Plan.

8. The claims attempted by Cotton in arbitration are contained in the Second Amended Demand for Arbitration, attached as **Exhibit A**, that Cotton filed with the AAA on May 30, 2012, captioned Steven C. Cotton v. BancIntelligence.com, Inc. and Fiserv, Inc., AAA No. 30-166-00751-11 ("Arbitration Demand").

9. As averred more fully below, Cotton asserts in his Arbitration Demand that he is a former employee of Fiserv, Inc. ("Fiserv") and was terminated by Fiserv on December 1, 2011. He further asserts in his Arbitration Demand that he entered into an employment agreement with BancIntelligence.com, Inc., Fiserv Solutions, Inc. and Fiserv (collectively, the Fiserv Affiliates") on or about September 5, 2007 (the "Employment Agreement"), and that the Employment Agreement contained an obligation to certain post-employment payments that he contends the Fiserv Affiliates breached. A copy of the Employment Agreement filed by Cotton with the AAA is attached as **Exhibit B**.

10. The Employment Agreement contains an agreement to arbitrate disputes between the Fiserv Affiliates and Cotton relating only to the Employment Agreement. Specifically, the Employment Agreement reads as follows:

> Section 12. <u>Arbitration</u>. Any controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the then applicable rules of the American Arbitration Association, and the judgment on the award rendered may be entered in any court having jurisdiction thereof. Each party shall pay its own expenses of any such proceeding.

(Ex. B at 7)

11. As stated in the Employment Agreement, the arbitration clause is limited <u>solely</u> to claims or controversies arising out of, or relating to, the Employment Agreement. Moreover, the <u>only</u> parties to the Employment Agreement are the Fiserv Affiliates and Cotton. Neither the ERISA Plan nor the Administrator are parties to the Employment Agreement, and neither has agreed to arbitrate any claims with Cotton.

12. Separate and apart from the Employment Agreement between the Fiserv Affiliates and Cotton, Fiserv sponsors an ERISA Plan through which eligible employees can apply for severance benefits. A copy of the ERISA Plan is attached as **Exhibit C**. The ERISA Plan states that the "Plan and all rights under this Plan shall be governed and construed in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA")."

13. The ERISA Plan does <u>not</u> contain an agreement to arbitrate disputes; rather, the plan vests exclusive jurisdiction for disputes involving the ERISA Plan with federal courts: "If you have a claim for benefits which is denied or ignored, in

whole or in part, you may file suit in federal court after exhausting your administrative remedies." (Ex. A at 6).

14. There is no agreement with Cotton through which the ERISA Plan, or any other entity, must arbitrate claims arising under, or relating to, the ERISA Plan, or which otherwise invoke ERISA.

15. In short, there is no legal basis upon which Cotton or any other entity can demand arbitration of claims for benefits under the ERISA Plan. Likewise, there is no legal basis upon which the American Arbitration Association can exercise jurisdiction as an arbitrator over the Administrator or the ERISA Plan.

16. This issue is ripe for decision by this Court because being compelled to arbitrate a dispute one has not agreed to arbitrate constitutes irreparable harm as a matter of law. Controlling law establishes the necessity of intervening before an arbitration proceeding to protect a party from being forced to participate in arbitration proceedings to which it did not agree. Accordingly, Cotton's pursuit of his claims in arbitration should be enjoined.

## FACTUAL BACKGROUND

### A. Cotton's Employment Dispute

17. According to Cotton's filings with the AAA, Cotton was the CEO of BancIntelligence.com, Inc. pursuant to an Employment Agreement dated

September 5, 2007. Fiserv Solutions, Inc. acquired BancIntelligence.com, Inc. on October 15, 2007.

18. On information and belief, the Employment Agreement was terminated on December 1, 2011. Thereafter, a dispute arose between the Fiserv Affiliates and Cotton concerning the obligations to pay certain post-termination payments, as contained within the Employment Agreement. Cotton's eligibility for severance benefits as a participant in the ERISA Plan is not included in the Employment Agreement and such severance benefits are not among the post-employment payments specified in the Employment Agreement.

19. Cotton filed an initial demand for arbitration against the Fiserv Affiliates on December 22, 2011, seeking a right to certain post-employment payments from the Fiserv Affiliates pursuant to the Employment Agreement. The initial demand did not contain any allegations or assert any claims against the ERISA Plan or the Administrator.

20. Cotton filed a Clarified and Amended Demand for Arbitration on February 10, 2012, again seeking post-termination payments he claims are due under the Employment Agreement.

**B.     Cotton's ERISA Dispute**

21.     Fiserv sponsors the ERISA Plan, which is a benefits plan for employees whose employment with Fiserv terminates under circumstances specified in the Plan. The ERISA Plan is administered by the Administrator.

22.     The ERISA Plan provides severance benefits to persons "employed on U.S. payroll by Fiserv or its affiliates and classified as full-time or part-time scheduled to work at least 20 hours per week at any time during the six-month period immediately prior to [the employee's] notification date [of his or her termination]." (Ex. C at 2). By the terms of the ERISA Plan, individuals are eligible for benefits only if all of the following requirements are met:

1.   Your employment is terminated involuntarily by reason of a reduction in force or otherwise by the company;

2.   The termination of employment was not for cause (as determined in the sole discretion of Fiserv), which includes but is not limited to violation of any company policy, poor work performance or any other conduct detrimental to the company's interests;

3.   You have returned all property (e.g., keys, credit cards, records, identification cards, equipment or vehicles) to the appropriate personnel and repaid any amounts you owe to the company;

4.   You execute and do not revoke a **release of all claims** against the company and its affiliates, in a form provided by the company. If you revoke the release, your eligibility for benefits under this Plan will be void and you will be obligated to repay the amount of benefits you have received, if any; and

5.   You otherwise qualify for benefits under this Plan.

(Ex. C at 2) (emphasis in original).

23. On January 23, 2012, Cotton asserted a right to benefits under the ERISA Plan, and requested an application for benefits from the ERISA Plan. A copy of Cotton's request is attached as **Exhibit D**.

24. On February 8, 2012, the Administrator provided an Application for Severance Benefits from the Plan to Cotton, and Cotton submitted his Application for Severance Benefits on March 14, 2012. A copy of Cotton's Application for Severance Benefits is attached as **Exhibit E**.

25. On March 21, 2012, an attempt was made to notify Cotton in writing that he was eligible to receive Plan benefits subject to execution of a release of all claims; however, that letter was mailed to Cotton's prior address and, thus, was not delivered to Cotton.

26. On April 23, 2012, the Administrator notified Cotton by mail to his current address that his Application for ERISA Plan benefits had been approved, and consistent with the ERISA Plan's requirements, that those benefits were contingent on his execution of a release of all claims within 45 days of the date of the notice. Cotton's 45-day consideration period ended Thursday, June 6, 2012.

27. To date, Cotton has not returned an executed release of claims to the Administrator.

28. Rather than accept the ERISA benefits or follow the procedures provided for in the ERISA Plan on pages 4 through 6 of the ERISA Plan, Cotton

asked the arbitrator, Bruce Bennett ("Bennett"), in his capacity as arbitrator, to amend the terms of the ERISA Plan and toll the 45-day review period indefinitely. *See* Motion to Toll Time to Claim Benefits Under the ERISA Plan attached as **Exhibit F**.

29. Cotton also filed a Second Amended Demand for Arbitration on May 30, 2012, which purports to join the ERISA Plan and the Administrator as parties to the arbitration, even though the ERISA Plan does not contain an agreement to arbitrate. The ERISA Plan provides for the federal courts as the exclusive jurisdiction for disputes concerning the ERISA Plan, and the Employment Agreement upon which he based the right to arbitrate contains no authority for the arbitration of ERISA claims.

30. On June 6, 2012, Bennett, entered an order purporting to modify the ERISA Plan by "tolling" the 45-day review period. A copy of Bennett's Order is attached as **Exhibit G**.

## COUNT I
### (For Declaratory Judgment)

31. The ERISA Plan repeats and re-avers paragraphs 1 through 30 as though fully set forth herein.

32. No arbitration agreement exists between or among the ERISA Plan, the Administrator, and Cotton.

33. Accordingly, the ERISA Plan and Administrator have no obligation to arbitrate any claims with Cotton, including with respect to the ERISA claims asserted by Cotton in arbitration.

34. Declaratory relief is appropriate because the parties dispute their relative legal relationship to each other, which has a substantial impact on their rights, as well as on the ERISA Plan's ability to govern itself consistently with its express terms and consistent with its fiduciary duties, and the dispute between the parties is definite and concrete and affects the parties' adverse legal interests with sufficient immediacy.

35. The ERISA Plan, therefore requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 declaring that Cotton lacks standing to assert in arbitration any claims arising under the ERISA Plan or relating to the benefits conferred under the Plan.

36. The ERISA Plan also requests a declaratory judgment that Bennett's June 6, 2012 order, purporting to modify the ERISA Plan by "tolling" the 45-day review period, is null and void.

## COUNT II
**(For an injunction prohibiting Cotton from pursuing the arbitration against the ERISA Plan and Administrator)**

37. The ERISA Plan repeats and re-avers paragraphs 1 through 36 as though fully set forth herein.

38. The ERISA Plan is likely to prevail on the merits in this action because the ERISA Plan has not agreed to arbitrate any dispute with Cotton and has not submitted itself to the jurisdiction of Bennett or the AAA, the ERISA Plan does not provide for such arbitration, and the June 6, 2012 order is therefore void.

39. Further, Cotton's claims arising under the ERISA Plan are completely preempted by ERISA because his claims essentially attempt to amend or change the criteria for eligibility for benefits under the ERISA Plan by changing the notice requirements in the ERISA Plan and modifying the requirement that Cotton execute a full release of all of his claims as a condition precedent to eligibility for benefits. Federal courts consistently hold that courts do not have the authority to alter or amend unambiguous ERISA plans.

40. The ERISA Plan, like all ERISA-governed plans, cannot be altered or amended by an arbitrator, and the ERISA Plan provides for federal court as the exclusive jurisdiction for claims arising under the ERISA Plan.

41.     In the arbitration, Cotton seeks to assert claims for damages against the ERISA Plan and the Administrator, and upon information and belief, unless enjoined, will continue to pursue such claims to judgment.

42.     Unless Cotton is enjoined from pursuing his claims relating to the ERISA Plan, the ERISA Plan will suffer irreparable harm because it will be forced to incur the expense of defending itself in the arbitration proceeding, and risks an adverse outcome in an arbitration proceeding to which it has not consented to participate. Further, other beneficiaries of the ERISA Plan will be harmed by inconsistent criteria for eligibility for benefits under the ERISA Plan, and the preferential treatment Bennett's purported ruling would afford Cotton.

43.     The ERISA Plan has no adequate remedy at law, because post-arbitration review of arbitrators' decisions are extremely limited and any challenge by the ERISA Plan will still require the ERISA Plan to defend itself in an arbitration proceeding to which it did not consent.

44.     The Defendant will not suffer irreparable harm in the event of an injunction. Cotton will have the same rights available to him that he currently has under the Employment Agreement.

45.     Accordingly, the balance of equities weighs overwhelmingly in favor of an injunction because the harm to the ERISA Plan, including usurping its rights to avoid arbitration to which it did not consent and compelling the ERISA Plan to

contest the arbitration proceeding exceeds the inconvenience Defendant will suffer, if any.

46.  The public interest would be served by enjoining the Defendant from pursuing its claims against the ERISA Plan in an arbitration proceeding in which the ERISA Plan has not consented to arbitrate.

## PRAYER FOR RELIEF

WHEREFORE, the ERISA Plan respectfully requests:

a)  Entry of a declaratory judgment that Cotton lacks standing to assert in arbitration, any claims arising under, or relating to, the ERISA Plan or its administration;

b)  Entry of a declaratory judgment that Bennett's June 6, 2012 Order tolling the 45-day requirement under the ERISA Plan is null and void;

c)  Granting an injunction enjoining Cotton from proceeding against the ERISA Plan or the Administrator in any arbitration proceeding;

d)  Granting an injunction enjoining Cotton from enforcing any orders already entered or seeking any additional orders in any arbitration proceeding involving the ERISA Plan or Administrator.

e)  An award in favor of the ERISA Plan for the costs of this suit; and

f)  Such other relief as may be just and proper.

Dated: June 11, 2012

_____
Stanley E. Graham (Ga. BPR #305760)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804
Stan.Graham@wallerlaw.com

Attorneys for the Fiserv Severance Pay Plan

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been sent by first-class mail, postage prepaid, to the following:

Steven Cotton
3625 Randall Mill Rd., N.W.
Atlanta, Georgia 30327

Bill Welch, Esq.
Arbitration Counsel for Steven Cotton
Merritt Watson, LLP
Suite 500
200 Galleria Parkway, S.E.
Atlanta, Georgia 30339
Fax: 770-952-0028

Bruce W. Bennett, Esq.
c/o Ms. Lauryn Hill
AAA Case Manager
American Arbitration Association
2200 Century Parkway, Suite 300
Atlanta, GA 30345

Charles Jellinek, Esq.
Arbitration Counsel for the Fiserv Affiliates
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
Saint Louis, MO 63102

this the 11th day of June 2012. Mr. Cotton will be served separately upon issuance of summons by the Court.

_[signature]_